IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN BEER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AGCO CORPORATION | : | No. 12-1391 |
| | : | |
| Defendant | : | |

**ORDER**

**AND NOW**, this 21st day of November, 2014, upon consideration of "Plaintiff's Motion to Preclude the Testimony of Defendant AGCO Corporation's Expert, Gary Deegear, M.D." (Doc. No. 42), "Plaintiff's Motion to Preclude the Biomechanical Engineering and Accident Reconstruction Opinions and Testimony of Defendant AGCO Corporation's Liability Experts, Howard Douglas, Richard E. McMillen, P.E. and Clyde Richard, P.E., Ph.D." (Doc. No. 43), Plaintiff's "Motion to Exclude Cumulative Expert Testimony" (Doc. No. 41) and the responses thereto, I find as follows:

FACTUAL AND PROCEDURAL HISTORY

1. On March 19, 2012, Plaintiff filed an action against Defendant AGCO Corporation, claiming he was injured because of Defendant's failure to provide guarding on their combine. On November 8, 2013, Plaintiff filed motions to preclude the testimony of Defendant's experts, Gary Deegear, M.D., Howard Douglas, Richard E. McMillen, and Clyde Richard.

1

2. Plaintiff argues that Dr. Deegear's testimony should be precluded based on his lack of qualifications in the field of biomechanical engineering and his failure to conduct testing or use accepted methodologies in developing his opinions. (Pl.'s Mot., Doc. No. 42, p. 3.)

3. Plaintiff also argues that Douglas, McMillen and Richard all lack qualifications in biomechanical engineering and accident reconstruction, failed to conduct testing, and did not base their opinions on accepted methodologies. (Pl.'s Mot., Doc. No. 43, pp. 4-5.)

4. Finally, Plaintiff notes that Douglas, McMillen and Richard all opine that the combine had adequate guarding and that the accident was caused by Plaintiff intentionally reaching into the combine while its component parts were moving. As such, Plaintiff argues that the testimony of the three experts is cumulative and should be excluded. (Pl.'s Mot., Doc. No. 41, pp. 4-10.)

LEGAL STANDARD

5. Federal Rule of Evidence 702 governs the admissibility of expert testimony, and states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In evaluating whether an expert opinion is admissible, the district court acts as a gatekeeper, excluding opinion testimony that does not meet these requirements.

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993).  In order for a witness to testify as an expert, the United States Court of Appeals for the Third Circuit has held that "(1) the proffered witness [must be] qualified as an expert; (2) the expert must testify about matters requiring scientific, technical, or specialized knowledge; and (3) the expert's testimony must 'fit' the facts of the case." In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741–42 (3d Cir. 1994).

6. An expert's opinion is reliable if it is based upon "'methods and procedures of science' rather than subjective belief or unsupported speculation."  Id. at 742-43 (quotation omitted).  In considering whether an expert's method is reliable, courts should consider: (1) whether it is based upon testable hypotheses; (2) subject to peer review; (3) the known or potential error rate; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether it is generally accepted; (6) the relationship of the method to other methods that have been deemed reliable; (7) the expert's experience or qualification with the technique or method; (8) non-judicial uses the method has been put to; and (9) all other relevant factors.  Id.  The reliability requirement is not to be applied "too strictly" and is satisfied as long as the expert has "good grounds" for his or her opinion.  Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 784 (3d Cir. 1996).

7. Federal Rule of Evidence 702 is to be interpreted liberally in favor of admissibility, since "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert, 509 U.S. at 596; Paoli, 35 F.3d at

3

741. The burden is on the party offering the evidence to establish admissibility by a preponderance of the evidence. See Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 418 (3d Cir. 1999).

DISCUSSION

Dr. Gary Deegear

8. Dr. Deegear's proposed testimony consists of the following six opinions: 1) the bodily location and nature of Plaintiff's injuries; 2) the injuries were caused by compressive laceration and blunt force trauma; 3) Plaintiff's arm was "caught between the cylinder variable speed drive sheave and the cylinder variable speed drive belt and was subsequently fed through between the two, until released;" 4) "normal body movements, equilibrium and reflexes" are inconsistent with Plaintiff accidently stumbling and falling into the combine; 5) "normal human reflexes and perception/reaction times disallow any motion by [Plaintiff] that would have assisted him in avoiding injury;" and 6) "the injuries sustained by [Plaintiff] are inconsistent with his arm passing between the cylinder variable speed drive sheave and the vertical support member." (Pl.'s Mot., Ex. E., Doc. No. 42, p. 3.)

9. Plaintiff argues that Dr. Deegear's testimony should be excluded as he is not qualified in the field of biomechanical engineering, did not conduct proper testing, and did not use accepted biomechanical engineering methodologies in developing his opinions. (Pl.'s Mot., Doc. No. 42, p. 3.)

10. Dr. Deegear received a medical degree from the University of Texas Health Science Center in 1988. Since earning this degree, he has worked as a primary care physician

and has additional experience in emergency medicine. He has received training in accident reconstruction, death investigation, blood stain evidence and the biomechanics of impact. He has also written several publications about injury analysis. Given Dr. Deegear's medical education and past experience, I find that he is qualified as an expert to provide testimony regarding Plaintiff's injuries and how the injuries occurred. These opinions are listed in his report as opinions one, two, three and six. (Pl.'s Mot., Ex. A., Doc. No. 42, p. 13.)

11. Additionally, I find that Dr. Deegear's opinions on these matters are based on reliable scientific methodologies. His report indicates that he reviewed relevant documents, including medical records, the Police Incident Investigation Report, pictures of the injuries, and witness depositions. Dr. Deegear also reviewed the videotape of the testing of the combine and performed his own inspection of the combine. In reaching his conclusions, Dr. Deegear applied his medical and biomechanical expertise to analyze the evidence before him. These conclusions are sufficiently based on scientific methodology. While his conclusions may be vulnerable to attack on cross-examination, his report sufficiently lays out the methodology used in reaching his opinions.

12. Dr. Deegear has also provided opinions related to "normal body movements," "equilibrium" and "reflexes." Specifically, he states:

> 4. Normal body movements, equilibrium and reflexes would not have allowed Mr. Beer to stumble and get his left forearm into the areas surrounding the subject cylinder variable speed drive sheave, belt, and vertical member with the shields in place.

    5. Due to the speed of the injurious interaction, normal human reflexes and perception/reaction times disallow any motion by Mr. Beer that would have assisted him in avoiding injury.

(Id. at 13-14.) Defendant has not provided sufficient evidence demonstrating that Dr. Deegear is qualified to provide opinions on human reflexes, body movement, and equilibrium. These opinions appear to be speculative as Dr. Deegear has not offered any explanation as to how he arrived at his conclusions. Experts are not permitted to testify on opinions based on subjective belief or unsupported speculation. Paoli, 35 F.3d at 742-43 (quotation omitted). Thus, Dr. Deegear will be precluded from testifying about his opinions related to human reflexes, equilibrium and normal body movements.

Howard Douglas

13. Plaintiff also argues that the testimony and opinions of Defendant's expert Howard Douglas should be precluded because he is not qualified as an expert in biomechanical engineering and accident reconstruction. (Pl.'s Mot., Doc. No. 43, p. 5.)

14. Douglas' proposed testimony focuses on the safety testing and design of the combine. In order to rebut Plaintiff's experts, Defendants offer Douglas's opinion that the gear shift lever cannot be accidently dislodged as an individual attempts to clear the rock trap based on the layout of the combine. Douglas also opines on the combine's compliance with relevant safety standards. (Def.'s Mot., Doc No. 46, pp. 10-12.)

15. Douglas is an experienced electrical engineer and has worked as a Product Safety Manager for Defendant for thirteen years. In light of his experience, Douglas is

6

qualified to testify as an expert in engineering. Douglas indicates in his report that he reviewed extensive documents including depositions, medical records, and pictures, prior to reaching his conclusions. He also participated in tests of the combine as well as testing of an exemplar combine numerous times. He documented those tests and relied on their results in forming his conclusion. He is qualified to test and report on the combine in question, because he has worked for the Defendant as the Product Safety Manager for over a decade. Taking the <u>Daubert</u> factors into consideration, I find that Douglas's conclusions are based on reliable methodology.

<u>Richard McMillen</u>

16. Plaintiff next argues that the testimony and opinions of Defendant's expert Richard McMillen should be precluded because he is not qualified as an expert in biomechanical engineering and accident reconstruction. (Pl.'s Mot., Doc. No. 43, p. 9.)

17. McMillen's proposed testimony focuses on the design and operation of the combine. Specifically, he opines that the combine's gear drive cannot be inadvertently knocked into lower gear due to particular features of the gear system. McMillen offers additional opinions regarding the combine's safety shielding and how a "person's body would have to contort to come into contact with the areas of the Combine that plaintiff's experts claim [Plaintiff] came into contact with." (Def.'s Mot., Doc No. 46, pp. 7-8.)

18. McMillen is an agricultural engineer with over thirty years of experience with specific experience in designing combines. In light of his training and experience, he

is qualified to testify as an agricultural engineering expert. McMillen reviewed relevant documents in formulating his conclusion. He also inspected the combine in question and attempted to recreate Plaintiff's injury as it had been described. McMillen documented this inspection and also participated in the inspection and test of an exemplar combine. He used his expertise in combine design to compare the relevant design standards with the actual design of the exemplar combine. I conclude that McMillen's methodology satisfies the requirements set forth in Daubert.

Dr. Clyde Richard

19. Plaintiff also argues that the testimony and opinions of Defendant's expert Clyde Richard should be precluded because he is not qualified as an expert in biomechanical engineering and accident reconstruction. (Pl.'s Mot., Doc. No. 43, p. 13.)

20. Dr. Richard opines that the combine's dimensions indicate that it would be nearly impossible for a man of Plaintiff's size to accidentally fall into an opening on the combine. Dr. Douglas also offers opinions regarding the noise levels created by the combine and concludes, in opposition to Plaintiff's theory, that it would be unlikely that someone standing in Plaintiff's position would have been able to hear an individual speaking from the combine's cab while the machine was running. (Def.'s Mot., Doc No. 46, pp. 7-8.)

21. Dr. Richard earned a Ph.D. in Mechanical Engineering and has extensive experience working in the engineering field. Dr. Richard also taught an engineering design course which included human factors and accident reconstruction for fifteen years at the Naval Academy. (Def.'s Mot., Doc. No. 47, p. 12.) Dr. Richard's education and

experience qualify him as a mechanical engineering, accident reconstruction and human factors expert. In formulating his conclusion, Dr. Richard reviewed relevant documents including depositions, combine manuals and catalogues, medical records, and photographs. He participated in an inspection of the combine and an exemplar combine, documented relevant measurements in detail and also participated in speed, surrogate arm, and sound tests. Dr. Richard relied on the results of this testing and his expertise in mechanical engineering to reach his conclusions. Applying the Daubert factors, I find that Dr. Richard employed reliable methodologies in reaching his conclusions.

22. Regarding, Plaintiff's motion to exclude cumulative evidence, I agree with Defendant that Plaintiff's motion is premature. Such a motion is more appropriately brought after the record has been further developed. Plaintiff may renew the motion at a time closer to trial or during the trial.

**WHEREFORE**, it is hereby **ORDERED** that,

- Plaintiff's motion to exclude the testimony and opinions of Defendant's expert Gary Deegear (Doc. No. 42) is **GRANTED** in part and **DENIED** in part as previously set forth in this order.
- Plaintiff's motion to exclude the testimony and opinions of Defendant's experts Howard Douglas, Richard McMillen, and Clyde Richard (Doc. No. 43) is **DENIED**.

- Plaintiff's motion to preclude cumulative testimony (Doc. No. 41) is **DENIED WITHOUT PREJUIDICE**.

        **BY THE COURT:**

        **/s/ Mitchell S. Goldberg**

        _____

        **Mitchell S. Goldberg, J.**